UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| GIAVANNI M. BAUMANNS,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>FCA US LLC; and DOES 1 through 10, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.: 21-CV-1054 JLS (MSB)<br><br>**ORDER (1) DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE AND (2) DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>(ECF No. 8) |
|---|---|

Presently before the Court is Plaintiff Giavanni Baumanns's Request for Judicial Notice ("RJN," ECF No. 8-3) and Motion to Remand ("Mot.," ECF No. 8-2). Also before the Court are Defendant FCA US, LLC's Opposition to ("Opp'n," ECF No. 11) and Plaintiff's Reply in Support of ("Reply," ECF No. 12) Plaintiff's Motion. The Court took this matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). ECF No. 13. Having considered the Parties' arguments and the law, the Court **DENIES** Plaintiff's Request for Judicial Notice and **DENIES** Plaintiff's Motion to Remand.

## BACKGROUND

Plaintiff filed this action pursuant to the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), California Civil Code §§ 1790 *et seq.*, in the Superior Court of the State of California, County of San Diego, on April 1, 2021. *See generally* Proudfoot Decl.

Ex. B, ECF No. 1-2 ("Compl."). Plaintiff alleges five causes of action including (1) failure to replace the vehicle or make restitution under Cal. Civ. Code § 1793.2(d); (2) failure to commence service or repairs under § 1793.2(b); (3) failure to make service or repairs facilities available under § 1793.2(a)(3); (4) breach of express written warranty under §§ 1791.2(a) and 1794; and (5) fraudulent inducement by concealment.[1] *See generally id.*

On June 3, 2021, Defendant removed to this Court on the ground that "this action is between citizens of different states . . . and the amount in controversy exceeds $75,000.00, exclusive of interest and costs." ECF No. 1 ¶ 35 ("Notice of Removal") (citing 28 U.S.C. § 1441). Plaintiff filed the instant Motion on August 5, 2021. *See generally* Mot.

## LEGAL STANDARD

In cases "brought in a State court of which the district courts of the United States have original jurisdiction," defendants may remove the action to federal court. 28 U.S.C. § 1441(a). Section 1441 provides two bases for removal: diversity jurisdiction and federal question jurisdiction. Federal courts have diversity jurisdiction "where the amount in controversy" exceeds $75,000.00, and the parties are of "diverse" state citizenship. 28 U.S.C. § 1332. Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The party invoking the removal statute bears the burden of establishing that federal subject-matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Moreover, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

---

[1] Plaintiff's Complaint also alleged one cause of action for breach of implied warranty against Carl Burgers Dodge Chrysler Jeep Ram World, but Plaintiff voluntarily dismissed Defendant Carl Burgers Dodge Chrysler Jeep Ram World from this action without prejudice on May 19, 2021. *See* Mot. at 2.

# ANALYSIS

Plaintiff challenges Defendant's removal based on diversity jurisdiction. Plaintiff contends that Defendant failed to prove that the amount in controversy exceeds $75,000.00, as required by 28 U.S.C. § 1332. Mot. at 3.

## I.   Request for Judicial Notice

Plaintiff requests the Court take judicial notice of eight district court orders ruling on motions to remand in Song-Beverly Act cases. *See generally* RJN. Per Federal Rule of Evidence 201, a court may take judicial notice of an adjudicative fact if it is not subject to reasonable dispute because it (1) is generally known within the court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201. The Court must take notice of an adjudicative fact if a party requests it and provides the necessary information. *See id*. Nevertheless, a court may take notice of legislative facts at its own discretion because Rule 201 deals only with adjudicative facts. *See Toth v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir. 2002); Fed. R. Evid. 201(a). "Adjudicative facts are simply facts of the particular case;" whereas legislative facts are those related to "legal reasoning and lawmaking." *See* Fed. R. Evid. 201(a), Notes of Advisory Committee on Proposed Rules Subdivision (a).

The Court declines to exercise its discretion and take judicial notice of these cases, which are legislative facts related to legal reasoning, because citations to relevant case law in pleadings are sufficient to direct the Court's attention to those cases. "Judicial notice is not required to alert the Court to relevant case authority." *Hamilton v. Wells Fargo Bank, N.A.*, 2010 WL 1460253, at *1 n.1 (N.D. Cal. Apr. 12, 2010). Therefore, Plaintiff's request for judicial notice is **DENIED**. However, the Court may rely on these orders and the legal reasoning therein to the extent they are analogous to the present case and persuasive to the Court.

///
///
///

## II. Diversity of Citizenship

Neither Party contends that complete diversity is not present here, so the Court only briefly examines the citizenship of the Parties to confirm complete diversity exists. Plaintiff is an individual domiciled in California. Notice of Removal ¶ 17; Compl. ¶ 2. Defendant and its sole member, FCA North America Holdings LLC, are limited liability companies. Notice of Removal ¶¶ 18–19. Their citizenship, therefore, depends on the citizenship of the members of FCA North America Holdings LLC. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."). FCA North America Holdings LLC's sole member is FCA Holdco B.V., a company organized under the laws of the Netherlands. Notice of Removal ¶ 20. As FCA Holdco B.V. is a company under Dutch law, it is not a citizen of California, and the complete diversity requirement is met here. *See* 28 U.S.C. § 1332. These facts were also true at the time Plaintiff's Complaint was filed. Notice of Removal ¶¶ 17–20. As the Parties are completely diverse, the Court next turns to the disputed amount in controversy.

## III. Amount in Controversy

Plaintiff argues that Defendant's removal was improper because Defendant failed to meet its burden of establishing that the amount in controversy exceeds $75,000.00.[2] Mot. at 9. Plaintiff claims that Defendant's damages calculation is "fatally speculative." *Id.* In the Complaint, Plaintiff alleges he has suffered damages "not less than $25,001.00." Compl. ¶ 12. Plaintiff's Complaint also includes an allegation that Defendant acted

///

///

///

---

[2] The notice of removal only needs to "contain[] a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Only "[w]hen the amount in controversy is challenged" does the defendant have "the burden to show, 'by the preponderance of evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Roehm v. Ford Motor Co.*, No. 18CV1278 JM(JMA), 2018 WL 4520542, at *3 n.3 (S.D. Cal. Sept. 21, 2018) (quoting 28 U.S.C. § 1446(c)(2)(B)).

willfully, thereby entitling Plaintiff to a civil penalty of up to two times Plaintiff's actual damages, pursuant to California Civil Code § 1794(c).[3] Compl. ¶¶ 15–16, 22, 25, 29.

In determining the amount in controversy, courts look first at the complaint. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). "[I]n cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000.00]." *E.g.*, *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Here, Plaintiff alleges his damages exceed $25,001.00. Compl. ¶ 12. Because Plaintiff's Complaint does not specify a precise amount in damages, Defendant must prove that it is more likely than not that the amount in controversy exceeds $75,000.00. *See Sanchez*, 102 F.3d at 404. Defendant presents two arguments as to why this action meets the amount in controversy requirement.

First, Defendant argues that the amount in controversy is met based on the face of Plaintiff's Complaint. Opp'n at 8. Defendant argues that Plaintiff's damages figure of "not less than $25,001.00" only includes Plaintiff's actual damages, which is separate and distinct from the pleaded civil penalty and other awards such as attorneys' fees and punitive damages. *Id.* at 13–15. Defendant claims that Plaintiff's allegation of at least $25,001.00 in actual damages plus two times the actual damages under California Civil Code § 1794(c) exceeds the $75,000.00 amount in controversy. *Id.* at 15. In contrast, Plaintiff maintains that the $25,001.00 damage figure refers to his "total damages," which Plaintiff claims includes civil penalties, attorneys' fees, and punitive damages, rather than merely "actual damages."[4] Mot. at 6. Defendant argues that Plaintiff's characterization of "damages" as

---

[3] "If the buyer establishes that the failure to comply was willful, the judgement may include . . . a civil penalty which shall not exceed two times the amount of actual damages." Cal. Civil Code § 1794(c).

[4] Plaintiff also argues that Defendant has not met its burden of proof that Plaintiff will receive civil penalties, and therefore a civil penalty award cannot be included in the amount in controversy calculation. Mot. at 9. But "[t]he ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what the defendant will *actually* owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205

"total damages" is "contrary to case law." Opp'n at 13–14 (citing inter alia, *Wash. Cty. Unified Sewerage Agency v. First State Ins. Co.*, 81 F.3d 171 (9th Cir. 1996) (unpublished); *Forte v. Wal-Mart Stores, Inc.*, 780 F.3d 272, 282 (5th Cir. 2015); *Travelers Ins. Co. v. Waltham Indus. Labs. Corp.*, 883 F.2d 1092, 1099 (1st Cir. 1989)). Plaintiff, however, maintains that the figure in the Complaint included total damages, rather than actual damages alone. Reply at 2–3 (citing, inter alia, *Edwards v. Ford Motor Co.*, 2016 WL 6583585, at *4 (C.D. Cal. Nov. 4, 2016); *Feichtmann v. FCA US LLC*, No. 5:20-CV-01790-EJD, 2020 WL 3277479, at *3 (N.D. Cal. June 18, 2020); *Mullin v. FCA US LLC*, No. CV 20-2061-RSWL-PJW, 2020 WL 2509081, at *3 (C.D. Cal. May 14, 2020)).

For Defendant's argument to succeed, the $25,001.00 in damages alleged in Plaintiff's Complaint must represent only Plaintiff's actual damages because actual damages are used to calculate the civil penalty. Cal. Civil Code § 1794(c). Most courts in this Circuit treat civil penalties separately from damages. *See, e.g.*, *Bernstein v. BMW of N. Am., LLC*, No. 18-CV-01801-JSC, 2018 WL 2210683, at *2 (N.D. Cal. May 15, 2018) (treating civil penalties separately from damages figure alleged in complaint); *McDonald v. BMW of N. Am., LLC*, No. 3:17-CV-2011-CAB-BLM, 2017 WL 5843385, at *2 (S.D. Cal. Nov. 28, 2017) (same), *Mullin*, 2020 WL 2509081, at *2–3 (same). Therefore, the Court will treat civil penalties separately from damages for the purpose of calculating the amount in controversy. Defendant relies on non-precedential or out of Circuit cases that distinguish between "damages" generally and civil penalties. *See Wash. Cty. Unified Sewerage Agency*, 81 F.3d at 171 (stating "a number of courts have held that the word 'damages' does not encompass civil penalties" in a tort action under Oregon law)[5]; *Forte*, 780 F.3d at 282 (5th Cir. 2015) (stating "civil penalties are a unique breed of remedies that are not damages as the term is commonly understood" in a tort action under Texas law);

---

(E.D. Cal. 2008) (citing *Rippee v. Bos. Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)). Therefore, the Court will consider the pleaded civil penalty when calculating the amount in controversy.

[5] *Washington County Unified Sewerage Agency* is an unpublished disposition decided prior to January 1, 2007, and therefore it is not precedential to the Court under 9th Cir. R. 36-3.

6

*Travelers Ins. Co.*, 883 F.2d at 1099 (stating "because the amount paid by the defendants in the Commonwealth suit was for 'civil penalties' not 'damages' the payment was not covered by the insurance policy's 'damages' clause" in an indemnity action under Massachusetts law).  However, Defendant's authority fails to distinguish between actual damages and other types of damages, such as punitive damages, when the word "damages" appears in a complaint without an adjective to identify the type sought by the plaintiff.

Whether "damages" used in a complaint without an adjective may include types of damages besides the plaintiff's actual damages is a more difficult question.  As the Court must strictly construe the removal statute against removal, *Gaus*, 980 F.2d at 566, the Court finds that Plaintiff's damages figure of $25,001.00 may include punitive damages, rendering the actual damages figure indiscernible based on this allegation alone.  Therefore, Plaintiff's facial allegation alone that he has suffered "damages" not less than $25,001.00 in conjunction with the civil penalties does not make it more likely than not that the amount in controversy is met as Defendant contends in its first argument.

Second, Defendant argues that it can demonstrate by a preponderance of evidence that the amount in controversy is sufficient.  Opp'n at 15.  Defendant argues that even after subtracting the statutory offsets from vehicle usage, the amount in controversy is met; whereas Plaintiff contends that Defendant's calculations are incorrect.  *See id.* at 16; Reply at 6–8.  It is true that under the Song-Beverly Act, damages may be reduced according to usage of the car before the buyer returned it to the manufacturer or distributor.  *See* Cal. Civil Code § 1793.2(2)(C).[6]  Nevertheless, "[statutory offsets do] not impact the amount in controversy, which assumes that the jury will return a verdict for the plaintiff on all causes of action." *Zeto v. BMW of N. Am., LLC*, No. 20-cv-1380-GPC-KSC, 2020 WL 6708061, at *4 (S.D. Cal. Nov. 16, 2020) (emphasis omitted); *see also Nguyen v. BMW of*

---

[6] "When the manufacturer replaces the new motor vehicle pursuant to subparagraph (A), the buyer shall only be liable to pay the manufacturer an amount directly attributable to use by the buyer of the replaced vehicle prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity." Cal. Civil. Code § 1793.2(d)(2)(C).

*N. Am., LLC*, No. 3:20-cv-02432-JLS-BLM, 2021 WL 2411417, at *5 (S.D. Cal. June 14, 2021). Therefore, the Court will not factor in statutory offsets in deciding the amount in controversy.

In his Complaint, Plaintiff alleges he bought the defective vehicle, a 2015 Jeep Cherokee, for $37,326.32 and that Defendant "failed to replace the vehicle or make restitution" under California Civil Code §§ 1793.2(d) and 1793.1(a)(2). *See* Compl. ¶¶ 9, 13. Defendant contends that this amount represents Plaintiff's actual damages, and since civil penalties are two times the actual damages, these figures added together exceed $75,000.00. *See* Opp'n at 22. Because Plaintiff's Complaint alleges that he is entitled to restitution and the doubled actual damages as civil penalties, it is more likely than not that the amount in controversy exceeds $75,000.00. *See* Compl. ¶¶ 9, 13.

Plaintiff claims that Defendant's calculation of Plaintiff's actual damages is "fatally speculative." Mot. at 7 (citing *Feichtmann*, 2020 WL 3277479, at *3). Plaintiff relies on *Feichtmann*, which held that "[i]n the absence of any contradictory allegations in the Complaint, the Court accepts Plaintiff's explanation that the $25,001.00 figure represents the combined total of actual damages and civil penalties." *Feichtmann*, 2020 WL 3277479, at *3. However, the present case is distinguishable from *Feichtmann*. In *Feitchmann*, the defendant did not introduce any evidence as to the value of the car. *See generally id.* Instead, the defendant only submitted evidence of attorneys' fees to support a sufficient amount in controversy, which the court found to be "conjecture." *Id.* at *3–4 (rejecting defendant's sole argument that the amount in controversy was met because it is regular for attorneys' fees to exceed $100,000). Here, Defendant has submitted evidence of the vehicle price, Proudfoot Decl. ¶ 6, ECF No. 1-2, which is corroborated in Plaintiff's Complaint, Compl. ¶¶ 9, 13, Prayer at b.

In addition, Plaintiff claims that it is insufficient "to merely point to Plaintiff's purchase price" in ascertaining actual damages. Mot. at 7 (citing *Savall v. FCA US LLC*, No. 21CV195 JM (KSC), 2021 WL 1661051, at *2 (S.D. Cal. Apr. 28, 2021)). However, Plaintiff claims in his Complaint that he "seeks the remedies provided in California Civil

Code section 1794(b)(1), including the entire contract price." Compl. ¶ 21.  As a result, Plaintiff put the "entire contract price" of $37,326.32 into controversy by claiming entitlement to this relief in the Complaint.  *See Gupta v. Mercedes-Benz USA, LLC*, No. CV 20-9295-GW-JEMX, 2020 WL 7423111, at *3 (C.D. Cal. Dec. 10, 2020) (including entire purchase price in determining amount in controversy and denying motion to remand when Plaintiff claimed entitlement to recover "the entire price of subject vehicle"); *see also Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("[T]he amount in controversy is the 'amount at stake in the underlying litigation,' and therefore 'the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails.'" (quoting *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417–18 (9th Cir. 2018))).

The Court finds that Defendant's calculations sufficiently show that the amount in controversy requirement is met by a preponderance of the evidence.  Both Plaintiff's Complaint and Defendant's evidence provide sufficient proof that the damages alleged by Defendant more likely than not exceed $75,000.00.  *See* Compl. ¶¶ 9, 13, 21.  Plaintiff's alleged actual damages from restitution of the entire contract price of $37,326.32, plus doubled civil penalties of $74,652.64, both of which Plaintiff put into controversy by including in the Complaint, totals $111,978.96 without even considering attorneys' fees or punitive damages.  *See* Compl. ¶¶ 9, 13, 15, 21; *see also Korn*, 536 F. Supp. 2d at 1205; *Gupta*, 2020 WL 7423111, at *3.  This sum comfortably exceeds $75,000.00.  Therefore, the amount in controversy is met by the preponderance of the evidence.

## CONCLUSION

In sum, the Court finds that Defendant establishes, by a preponderance of the evidence, that the Parties are diverse and the amount in controversy is satisfied.

///

///

///

///

Accordingly, the Court **DENIES** Plaintiff's Request for Judicial Notice and **DENIES** Plaintiff's Motion to Remand (ECF No. 8).

**IT IS SO ORDERED.**

Dated: November 29, 2021

Hon. Janis L. Sammartino
United States District Judge